1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   HILLEAL A. GRANT,                 )   Civil No. 12cv0939 MMA (RBB)
                                       )
12              Petitioner,            )   **REPORT AND RECOMMENDATION**
                                       )   **DENYING PETITION FOR WRIT OF**
13   v.                                )   **HABEAS CORPUS AND ORDER**
                                       )   **DENYING EVIDENTIARY HEARING**
14   F.E. FIGUEROA, Warden,            )   **[ECF NO. 1]**
                                       )
15              Respondent.            )
     _____)

16

17        Petitioner Hilleal A. Grant, a state prisoner proceeding pro

18   se, filed a Petition for Writ of Habeas Corpus on April 16, 2012

19   [ECF No. 1].  There, he alleges that his rights to due process,

20   equal protection, and a fair trial were violated.  (Pet. 17, ECF

21   No. 1.)[1]  The Respondent, Warden F.E. Figueroa, filed an Answer and

22   Notice of Lodgment on July 24, 2012 [ECF Nos. 17, 18].  Figueroa

23   maintains that this Court is barred from reviewing Grant's Petition

24   because he fails to raise a federal claim.  (Answer Attach. #1 Mem.

25   P. & A. 6, ECF No. 17.)  Petitioner filed a Traverse which was

26   filed nunc pro tunc to December 20, 2012 [ECF No. 27].  In his

27   _____

28        [1]  The Court will cite to all documents using the page numbers
     assigned by the electronic case filing system.

                                      1

Traverse, he attempts to assert an additional claim pursuant to the Double Jeopardy Clause of the Fifth Amendment. (Traverse 7-12, ECF No. 27.)[2]

## I.   FACTUAL BACKGROUND

On October 17, 2006, Petitioner sold a 1998 Chrysler Sebring to undercover detective Paul Winslow. (Pet. 15, ECF No. 1.) Grant sold a stolen Nissan pick-up truck and a stolen Saturn Ion to the same undercover detective on October 25, 2006. (Id. at 15-16.) On November 14, 2006,[3] Petitioner sold Winslow a stolen silver Nissan Pathfinder and a stolen maroon Nissan Pathfinder. (Id. at 16, 20.)

A thirty-six-count indictment was filed against Grant on October 18, 2007, in case number SCD208452. (Lodgment No. 1, Clerk's Tr. 139-151, Oct. 18, 2007.) Among other offenses, Petitioner pleaded guilty on May 9, 2008, to five counts of violating California Vehicle Code section 10851(a) for unlawfully taking and driving the vehicle of another (counts one, three, five, seven, and nine).[4] (Lodgment No. 19, Rep.'s Appeal Tr. vol. 4, 52,

---

[2]   Petitioner was allowed until November 16, 2012, to file a traverse. (Mins., Oct. 3, 2013, ECF No. 25.) An untimely Traverse was constructively filed on December 13, 2012. (Traverse 14, ECF No. 27); Houston v. Lack, 487 U.S. 266, 276 (1988) (deeming petition filed on the date the petitioner handed it to prison authorities for mailing). It appears that Petitioner attempted to file an earlier, timely Traverse, but that document was never filed. (See Traverse 15-16, ECF No. 27.) In light of Grant's pro se status and attempts to file a timely Traverse, the Court will consider the arguments in his untimely Traverse.

[3]   At one point in the Petition, Grant states that the second transaction occurred on November 15, 2006; at another point, he claims that it occurred on November 14, 2006. (Compare id. at 16, with id. at 19-20.) It appears that the correct date is November 14, 2006. (See id. Ex. C at 55-56.)

[4]   All subsequent penal and vehicle code references are to the California code.

1    May 9, 2008.)[5]   For counts one, three, five, seven, and nine, Grant

2    was sentenced to five consecutive two-year terms, for a total of

3    ten years.  (Id. vol. 5, 71, Aug. 8, 2008.)[6]   Petitioner was also

4    sentenced to additional time for charges stemming from three other

5    cases.  (See Lodgment No. 9, People v. Grant, No. D053566, slip op.

6    at 2 (Cal. Ct. App. Oct. 23, 2009).)   In total, he was sentenced to

7    twenty years and eight months for all four cases.  (Id.)

8                        **II.   PROCEDURAL BACKGROUND**

9    **A.   Direct Appeal**

10        On May 20, 2009, Grant appealed the convictions requesting

11   that the California Court of Appeal consider "[w]hether the

12   sentences for counts five and nine in case number SCD208452 should

13   be stayed pursuant to Penal Code section 654, or a concurrent term

14   imposed for those counts, because the offenses occurred on the same

15   day?"  (Lodgment No. 4, Brief Submitted on Behalf of Appellant at

16   8-9, People v. Grant, No. D053566 (Cal. Ct. App. Oct. 23, 2009).)

17   In connection with the appeal, Petitioner filed multiple

18   supplemental briefs where he raised additional claims.  (See

19   Lodgment No. 6, Supplemental Brief, People v. Grant, No. D053566

20   (Cal. Ct. App. Oct. 23, 2009); Lodgment No. 7, Preliminary

21   Statement, People v. Grant, [No. D053566] (Cal. Ct. App. Oct. 23,

22   2009); Lodgment No. 8, [Second] Supplemental Brief, People v.

23

24

25
_____

26        [5]   In the same case, Grant also pleaded guilty to counts two,
     four, six, eight, and ten for "buying, receiving, concealing,
     selling and/or withholding a stolen vehicle."  (Id. at 53.)
27

28        [6]   Sentencing for counts two, four, six, eight, and ten was
     stayed according to California Penal Code section 654.  (Id. at
     72.)

1 <u>Grant</u>, [No. D053566] (Cal. Ct. App. Oct. 23, 2009).)[7]  The

2 California Court of Appeal, on October 23, 2009, affirmed the

3 judgment of the Superior Court of San Diego County, finding no

4 sentencing error.  (Lodgment No. 9, <u>People v. Grant</u>, No. D053566,

5 slip op. at 4.)

6      The court, <u>id.</u> at 3, explained:

> [Grant] pleaded guilty to separate counts.  Thus, there
> was no reviewable factual dispute as to whether any of
> the counts in Grant's cases were the "same act or
> omission" for the purpose of [California Penal Code]
> section 654's proscription on multiple punishment or
> whether the crimes were not independent of each other so
> as to warrant concurrent, rather than consecutive,
> sentences under California Rules of Court, rule 4.425

12      Petitioner filed a petition for review with the California

13 Supreme Court on November 30, 2009.  (Lodgment No. 10, Petition for

14 Review, <u>People v. Grant</u>, [No. S178362] (Cal. Jan. 13, 2010).)  He

15 also filed a supplemental brief.  (Lodgment No. 11, Supplemental

16 Brief, <u>People v. Grant</u>, [No. S178362] (Cal. Jan. 13, 2010).)  On

17 January 13, 2010, the California Supreme Court denied Grant's

18 petition for review without citation or comment.  (Lodgment No. 12,

19 <u>People v. Grant</u>, No. S178362, order at 1 (Cal. Jan. 13, 2010).)

20 **B.    <u>State Habeas Corpus Proceedings</u>**

21      Grant submitted a petition for writ of habeas corpus in the

22 San Diego County Superior Court on January 19, 2010.  (Lodgment No.

23 13, <u>Grant v. State Attorney General</u>, No. HC 19869 (Cal. Super. Ct.

24 Mar. 25, 2010) (petition for writ of habeas corpus).)  There, he

25 complained that the failure to impose concurrent sentences violated

26 due process.  (<u>Id.</u> (petition for writ of habeas corpus at 4).)  On

---

27

28      [7]  Because Lodgment Nos. 6, 7, 10, 11, 13, 15, and 17 are not
consecutively paginated, the Court has paginated each document and
will cite to each document using the assigned page numbers.

1  March 25, 2010, Grant's petition was denied.  (Lodgment No. 14, <u>In</u>
2  <u>re Grant</u>, No. HC 19869, order (Cal. Super. Ct. Mar. 25, 2010).)

3       Next, Grant filed a petition for writ of habeas corpus with
4  the California Court of Appeal on May 21, 2010, which was denied on
5  June 11, 2010.  (Lodgment No. 15, <u>Grant v. State Attorney General</u>,
6  No. D057378 (Cal. Ct. App. filed May 21, 2010) (petition for writ
7  of habeas corpus); Lodgment No. 16, <u>In re Grant</u>, No. D057378, order
8  at 2 (Cal. Ct. App. June 11, 2010).)  Grant continued to assert
9  that he was sentenced to multiple punishment for a single offense.
10  (Lodgment No. 15, <u>Grant v. State Attorney General</u>, No. D057378
11  (petition for writ of habeas corpus at 8-10).

12       On July 26, 2010, Grant filed a habeas corpus petition raising
13  the same claims with the California Supreme Court.  (Lodgment No.
14  17, <u>Grant v. Busby</u>, No. S184843 (Cal. filed July 26, 2010)
15  (petition for writ of habeas corpus).)  The California Supreme
16  Court denied Grant's petition on April 27, 2011, without citation
17  or comment.  (Lodgment No. 18, <u>In re Grant</u>, No. S184843, order
18  (Cal. Apr. 27, 2011).)  On April 16, 2012, Grant filed his Petition
19  for Writ of Habeas Corpus in this Court.  (Pet. 1, ECF No. 1.)

20                  **III.   STANDARD OF REVIEW**

21       The Antiterrorism and Effective Death Penalty Act ("AEDPA"),
22  28 U.S.C. § 2244, applies to all federal habeas petitions filed
23  after April 24, 1996.  <u>Woodford v. Garceau</u>, 538 U.S. 202, 204
24  (2003) (citing <u>Lindh v. Murphy</u>, 521 U.S. 320, 326 (1997)).  AEDPA
25  sets forth the scope of review for federal habeas corpus claims:

26
27
28

                              5

1
            The Supreme Court, a Justice thereof, a circuit
2      judge, or a district court shall entertain an application
       for a writ of habeas corpus in behalf of a person in
       custody pursuant to the judgment of a State court only on
3      the ground that he is in custody in violation of the
       Constitution or laws or treaties of the United States.
4

5   28 U.S.C.A. § 2254(a) (West 2006); see also Reed v. Farley, 512

6   U.S. 339, 347 (1994); Hernandez v. Ylst, 930 F.2d 714, 719 (9th

7   Cir. 1991).  Because Grant's Petition was filed on April 16, 2012,

8   AEDPA applies to this case.  See Woodford, 538 U.S. at 204.

9       In 1996, Congress "worked substantial changes to the law of

10  habeas corpus." Moore v. Calderon, 108 F.3d 261, 263 (9th Cir.

11  1997), abrogated on other grounds, Williams v. Taylor, 529 U.S. 362

12  (2000).  As amended, section 2254(d) now reads:

13           An application for a writ of habeas corpus on behalf
        of a person in custody pursuant to the judgment of a
14      State court shall not be granted with respect to any
        claim that was adjudicated on the merits in State court
15      proceedings unless the adjudication of the claim--

16           (1) resulted in a decision that was contrary
        to, or involved an unreasonable application of,
17      clearly established Federal law, as determined
        by the Supreme Court of the United States; or
18
             (2) resulted in a decision that was based on an
19      unreasonable determination of the facts in
        light of the evidence presented in the State
20      court proceeding.

21  28 U.S.C.A. § 2254(d).

22      To present a cognizable federal habeas corpus claim, a state

23  prisoner must allege his conviction was obtained "in violation of

24  the Constitution or laws or treaties of the United States."  28

25  U.S.C.A. § 2254(a).  A petitioner must allege the state court

26  violated his federal constitutional rights.  Hernandez, 930 F.2d at

27  719; Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir. 1990); Mannhalt

28  v. Reed, 847 F.2d 576, 579 (9th Cir. 1988).

A federal district court does "not sit as a 'super' state supreme court" with general supervisory authority over the proper application of state law.  Smith v. McCotter, 786 F.2d 697, 700 (5th Cir. 1986); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (holding that federal habeas courts must respect a state court's application of state law); Jackson, 921 F.2d at 885 (explaining that federal courts have no authority to review a state's application of its law).  Federal courts may grant habeas relief only to correct errors of federal constitutional magnitude.  Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989) (stating that federal habeas courts are not concerned with errors of state law "unless they rise to the level of a constitutional violation").

The Supreme Court, in Lockyer v. Andrade, 538 U.S. 63 (2003), stated that "AEDPA does not require a federal habeas court to adopt any one methodology in deciding the only question that matters under § 2254(d)(1) -- whether a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law."  Id. at 71.  In other words, a federal court is not required to review the state court decision de novo.  Id.  Rather, a federal court can proceed directly to the reasonableness analysis under § 2254(d)(1).  Id.

The "novelty in . . . § 2254(d)(1) is . . . the reference to 'Federal law, as determined by the Supreme Court of the United States.'"  Lindh v. Murphy, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), rev'd on other grounds, 521 U.S. 320 (1997).  Section 2254(d)(1) "explicitly identifies only the Supreme Court as the font of 'clearly established' rules."  Id.  "A state court decision

may not be overturned on habeas review, for example, because of a conflict with Ninth Circuit-based law . . . ." <u>Moore</u>, 108 F.3d at 264.  "[A] writ may issue only when the state court decision is 'contrary to, or involved an unreasonable application of,' an authoritative decision of the Supreme Court." <u>Id.</u> (citing <u>Childress v. Johnson</u>, 103 F.3d 1221, 1224-26 (5th Cir. 1997); <u>Devin v. DeTella</u>, 101 F.3d 1206, 1208 (7th Cir. 1996); <u>Baylor v. Estelle</u>, 94 F.3d 1321, 1325 (9th Cir. 1996)).

Furthermore, with respect to the factual findings of the trial court, AEDPA provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254(e)(1).

## IV.   DISCUSSION

### A.   The Parties' Arguments

#### 1.   Grant's Petition

Petitioner submits that counts three (taking of Nissan pick-up truck) and five (taking of stolen Saturn Ion) occurred on the same occasion.  (Pet. 17, ECF No. 1.)[8]  He alleges that he sold these vehicles to Winslow during the same transaction on October 25, 2006.  (<u>Id.</u> at 18-19.)  Similarly, Grant asserts that counts seven (taking of stolen silver Nissan Pathfinder) and nine (taking of stolen maroon Nissan Pathfinder) also occurred on the same occasion, that is, they were both sold during a transaction that

---

[8]  The Court notes that it appears that pages twenty two and twenty three of the Petition have been transposed.  (<u>Id.</u> at 22-23.)

took place on November 14, 2006.  (_Id._ at 17, 19-20.)  As to each
transaction, Grant maintains that the "'criminal course of
conduct'" involved "a single and specific 'intent and objective.'"
(_Id._ at 24.)  Therefore, pursuant to Penal Code section 654, he
urges that sentencing on these counts should be stayed.[9]  (Pet. 18,
24, ECF No. 1.)  Appearing to also argue in the alternative,
Petitioner contends that sentencing on counts five and nine should
run concurrently under Penal Code section 667(c)(6).[10]  (Pet. 17,
ECF No. 1.)  On these bases, Petitioner claims that his rights to
due process, equal protection, and a fair trial were violated.
(_Id._)

**2.   Respondent's Answer**

In the Answer, Warden Figueroa contends that Grant's petition
"appears to be timely and exhausted."  (Answer 3, ECF No. 17.)
Respondent insists that Grant does not raise any claims that are
cognizable under federal habeas review.  (_Id._ Attach. #1 Mem. P. &

---

[9]  Penal Code section 654(a) provides:

> An act or omission that is punishable in different
> ways by different provisions of law shall be punished
> under the provision that provides for the longest
> potential term of imprisonment, but in no case shall the
> act or omission be punished under more than one
> provision.  An acquittal or conviction and sentence under
> any one bars a prosecution for the same act or omission
> under any other.

Cal. Penal Code § 654(a) (West 2010).  The current version of this
statute is not materially different from the version that was in
effect at the time of Grant's sentencing.

[10]  Penal Code section 667(c)(6) reads, "If there is a current
conviction for more than one felony count not committed on the same
occasion, and not arising from the same set of operative facts, the
court shall sentence the defendant consecutively on each count
pursuant to subdivision (e)."  Cal. Penal Code § 667(c)(6) (West
2010).  The current version of this statute is not materially
different from the version in effect at the time of Grant's
sentencing.

A. 6.)  A violation of Penal Code section 654, Respondent alleges,
is not a federal question.  (<u>Id.</u>)  Figueroa also maintains that
whether consecutive sentences should have been imposed is not a
federal question.  (<u>Id.</u>)  Moreover, "the Sixth Amendment does not
prohibit a state court from imposing consecutive sentences based
upon additional facts not found by a jury." (<u>Id.</u>)

### 3.   Petitioner's Traverse

Grant raises a new claim in his Traverse.  Specifically, he
asserts that counts three and five constituted a "single act," yet
he was sentenced for two separate violations of Vehicle Code
section 10851(a), contrary to the provisions of the Double Jeopardy
Clauses of both the California and United States Constitutions.
(Traverse 7, ECF No. 27.)  (<u>Id.</u> at 9, 11.)  He advances the same
argument for counts seven and nine.  (<u>Id.</u>)

### B.   Due Process Claim

When reviewing a state court decision, federal courts must
look to the last reasoned state court opinion as the basis of the
state judgment.  <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 804-06 (1991).
In his  habeas petitions to the California Court of Appeal and
Supreme Court, Petitioner raised a due process claim.  (<u>See</u>
Lodgment No. 15, <u>Grant v. State Attorney General</u>, No. D057378 (Cal.
Ct. App. filed May 21, 2010) (petition for writ of habeas corpus at
8-10); Lodgment No. 17, <u>Grant v. Busby</u>, No. S184843 (petition for
writ of habeas corpus at 6-9).)  The last state court to address
Grant's due process claim was the California Court of Appeal.  (<u>See</u>
Lodgment No. 16, <u>In re Grant</u>, No. D057378, order at 2.)  This Court
reviews that decision.  <u>Ylst</u>, 501 U.S. at 806.  The court of appeal
held that Petitioner's claims were procedurally barred:  "In this

10

state a defendant is not permitted to try out his contentions
piecemeal by successive proceedings attacking the validity of the
judgment against him.'  The petition is procedurally barred because
it is repetitive and successive.  Grant has not demonstrated an
exception to the procedural bar." (Lodgment No. 16, In re Grant,
No. D057378, order at 2 (citations omitted).)  The court previously
addressed Grant's sentencing claim on direct appeal and found that
the trial court had not erred in applying California Penal Code
section 654 and imposing consecutive sentences.  (Id.)

### 1.   Procedural default

State courts may decline to review a claim because of a
procedural default, absent a showing of "cause" and "prejudice."
Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977).  "Just as in those
cases in which a state prisoner fails to exhaust state remedies, a
habeas petitioner who has failed to meet the State's procedural
requirements for presenting his federal claims has deprived the
state courts of an opportunity to address those claims in the first
instance."  Coleman v. Thompson, 501 U.S. 722, 731-32 (1991).  A
habeas petitioner who has defaulted federal claims in state court
by not complying with rules to raise them meets the technical
requirements for exhaustion because there are no longer any state
remedies available.  Id. at 732 (citing 28 U.S.C. § 2254(b); Engle
v. Issac, 456 U.S. 107, 125-26 n.28 (1982)).

Nevertheless, "[a] federal habeas court will not review a
claim rejected by a state court 'if the decision of [the state]
court rests on a state law ground that is independent of the
federal question and adequate to support the judgment.'"  Beard v.
Kindler, 558 U.S. 53, 55 (2009) (alteration in original) (quoting

11

1   <u>Coleman</u>, 501 U.S. at 729).  "In order to constitute adequate and

2   independent grounds sufficient to support a finding of procedural

3   default, a state rule must be clear, consistently applied, and

4   well-established at the time of the petitioner's purported

5   default."  <u>Wells v. Maass</u>, 28 F.3d 1005, 1010 (9th Cir. 1994)

6   (citing <u>Ford v. Georgia</u>, 498 U.S. 411, 424-25 (1991)).

7       Even if a basis for a state procedural bar exists, it "does

8   not prevent a federal court from resolving a federal claim unless

9   the state court actually relied on the state procedural bar 'as an

10  independent basis for its disposition of the case.'"  <u>Evans v.</u>

11  <u>Chavis</u>, 546 U.S. 189, 206 (2006) (quoting <u>Harris v. Reed</u>, 489 U.S.

12  255, 261-62 (1989)).  To preclude federal habeas review, "the last

13  state court rendering a judgment in the case [must] 'clearly and

14  expressly' state[] that its judgment rests on a state procedural

15  bar."  <u>Harris</u>, 489 U.S. at 263 (quoting <u>Caldwell v. Mississippi</u>,

16  472 U.S. 320, 327 (1985)).  At the same time, "a state court need

17  not fear reaching the merits of a federal claim in an alternative

18  holding."  <u>Id.</u> at 264 n.10.  If the state court explicitly invokes

19  a state procedural bar as a distinct basis for its decision, the

20  federal habeas court is required "to honor a state holding that is

21  a sufficient basis for the state court's judgment, even when the

22  state court also relies on federal law."  <u>Id.</u> (citing <u>Fox Film</u>

23  <u>Corp. v. Muller</u>, 296 U.S. 207, 210 (1935)).

24      The respondent has the initial burden of pleading an adequate

25  and independent procedural bar as an affirmative defense in a

26  habeas case.  <u>See</u> <u>Insyxiengmay v. Morgan</u>, 403 F.3d 657, 665-66 (9th

27  Cir. 2005); <u>Bennett v. Mueller</u>, 322 F.3d 573, 585 (9th Cir. 2003).

28

Here, Warden Figueroa does not discuss the procedural bar. (See Answer Attach. #1 Mem. P. & A. 5-6, ECF No. 17.)

The Ninth Circuit has indicated that "[p]rocedural bar issues are not infrequently more complex than the merits issues presented by the appeal, so it may well make sense in some instances to proceed to the merits if the result will be the same." Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002) (citing Lambrix v. Singletary, 520 U.S. 518, 525 (1997)). "We do not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be." Id. (quoting Lambrix, 520 U.S. at 525). District courts have applied the same rationale. See Levi v. Almager, No. CV 08-4261-PSG (CW), 2011 WL 2672351, at *3 n.1 (C.D. Cal. May 6, 2011) (deciding merits of claim that delayed access to law library violated defendant's right to self-representation rather than resolving the procedural bar question first).

Neither side has addressed whether the procedural bar applies to Grant's due process claim. Absent any briefing from either party, judicial economy counsels reaching the substance of Grant's due process claim without a determination of whether the state procedural bar applied in this case was clear, well-established, and consistently applied by California courts. See id. Moreover, by failing to raise procedural default as an affirmative defense, Figueroa waived it. See Gray v. Netherland, 518 U.S. 152, 166 (1996); Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 906 n.1 (9th Cir. 1986).

**2.  Merits**

A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996); see also Johnson v. Spearman, No. CV 13-3021 JVS (AJW), 2013 WL 3053043, at *2 (C.D. Cal. June 10, 2013) (holding that alleged misapplication of state sentencing law could not be transformed into a due process claim).  "[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."  Wilson v. Corcoran, 562 U.S. __, 131 S. Ct. 13, 16 (2010); see also Swarthout v. Cooke, 562 U.S. __, 131 S. Ct. 859, 861 (2011) ("[F]ederal habeas corpus relief does not lie for errors of state law.") (citations omitted) (internal quotation marks omitted); Waddington v. Sarausad, 555 U.S. 179, 192, n.5 (2009) ("'[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'") (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).  "The decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus."  Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (citing Ramirez v. Arizona, 437 F.2d 119, 120 (9th Cir. 1971)); see also Watts v. Bonneville, 879 F.2d 685, 687-88 (9th Cir. 1989) (holding that an alleged improper application of California Penal Code section 654 did not state a cognizable federal habeas claim).

Yet, the misapplication of state sentencing law may violate due process in limited circumstances if there is a showing of fundamental unfairness.  Christian v. Rhode, 41 F.3d 461, 469 (9th

14

Cir. 1994) (citing <u>Bueno v. Hallahan</u>, 988 F.2d 86, 88 (9th Cir. 1993)).  "[T]he federal, constitutional question is whether [the error] is so arbitrary or capricious as to constitute an independent due process . . . violation."  <u>Richmond v. Lewis</u>, 506 U.S. 40, 50 (1992) (internal quotation marks omitted) (citing <u>Lewis v. Jeffers</u>, 497 U.S. at 780).

Here, Grant simply claims that the trial court failed to properly apply state sentencing law.  (Pet. 24, ECF No. 1.) Despite Petitioner's passing reference to the Fourteenth Amendment, his claim is not cognizable on habeas review.  Moreover, in counts three, five, seven, and nine, Grant was charged with four separate criminal acts, that is, taking four different vehicles.  <u>See</u> <u>Watts</u>, 879 F.2d at 688 (holding that due process was not implicated in petitioner's claim based on state sentencing law error because he was punished for two distinct criminal acts); <u>Ramos v. Grounds</u>, No. EDCV 12-795 MWF (FFM), 2012 WL 5992275, at *7 (C.D. Cal. Oct. 19, 2012) ("That rational arguments can be made for the trial court's decision suggests that even if it were erroneous, it was neither arbitrary nor capricious.").  Petitioner's conclusory allegations do not demonstrate that the trial court applied state sentencing law in a fundamentally unfair, arbitrary, or capricious manner. <u>See</u> <u>Christian</u>, 41 F.3d at 469.  Accordingly, the state courts' rejection of Grant's challenge to his sentence was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court.  For these reasons, Grant's due process claim should be **DENIED**.

**C.    Sixth Amendment Claim**

Next, Petitioner argues that the state's improper application of Penal Code sections 654 and 667(c)(6) violated his Sixth Amendment right to a fair trial. (Pet. 17-18, ECF No. 1.)  Grant did not pursue a similar claim on direct appeal to the California Court of Appeal or in a petition for review to the California Supreme Court. (See Lodgment No. 4, Brief Submitted on Behalf of Appellant at 8-9, People v. Grant, No. D053566; Lodgment No. 6, Supplemental Brief at 6-9, People v. Grant, No. D053566; Lodgment No. 7, Preliminary Statement at 1-15, People v. Grant, [No. D053566]; Lodgment No. 10, Petition for Review at 6-7, People v. Grant, [No. S178362]; Lodgment No. 11, Supplemental Brief at 14-17, People v. Grant, [No. S178362] (Cal. Jan. 13, 2010).)[11]

Grant also did not raise a claim based on his Sixth Amendment right to a fair trial with the California Court of Appeal in his state habeas corpus petition. (See Lodgment No. 15, Grant v. State Attorney General, No. D057378 (petition for writ of habeas corpus at 6-19).)  Petitioner brought this claim for the first time in his habeas petition to the California Supreme Court. (See Lodgment No. 17, Grant v. Busby, No. S184843 (petition for writ of habeas corpus at 6-9).)  The California Supreme Court summarily denied the petition without a reasoned opinion. (See Lodgment No. 18, In re Grant, No. S184843, order at 1.)

---

[11]    Grant did, however, raise an ineffective assistance of counsel claim under the Sixth Amendment to the California Court of Appeal. (Lodgment No. 6, Supplemental Brief at 6-7, People v. Grant, No. D053566; Lodgment No. 7, Preliminary Statement at 6-7, 11-15, People v. Grant, [No. D053566].)

"[T]o exhaust a habeas claim, a petitioner must properly raise it on every level of direct review." Casey v. Moore, 386 F.3d 896, 916 (9th Cir. 2004) (citing Ortberg v. Moody, 961 F.2d 135, 137 (9th Cir. 1992)). "Because California's 'established, normal appellate review procedure is a two-tiered system,' [Grant] was required to exhaust his habeas claims in a petition for review to the California Supreme Court." Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (citing O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Cal. R. Ct. 28(b) [now Cal. R. Ct. 8.500(b)] (describing procedure for review of a decision of the court of appeal)). But if a petitioner raises "his federal constitutional claims for the first and only time to the state's highest court on discretionary review, he did not fairly present them." Casey, 386 F.3d at 918; see Reese v. Baldwin, 282 F.3d 1184, 1192 (9th Cir. 2002), rev'd on other grounds by Baldwin v. Reese, 541 U.S. 27 (2004) ("For if the federal claim was not presented to the Oregon Court of Appeals, the Oregon Supreme Court need not have considered that federal claim no matter how explicitly raised to it."). Accordingly, Petitioner's Sixth Amendment claim is unexhausted.

Because Grant's Petition contains both exhausted and unexhausted claims, his Petition is "mixed." See Rose v. Lundy, 455 U.S. 509, 510 (1982). Typically, mixed petitions should be dismissed. Id. at 522. Yet, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C.A. § 2254(b)(2). Courts may only deny unexhausted claims on the merits if it is "perfectly clear" that the claim is not a "colorable federal claim." See Cassett v.

17

Case 3:12-cv-00939-MMA-RBB   Document 29   Filed 10/04/13   PageID.172   Page 18 of 26

Stewart, 406 F.3d 614, 624 (9th Cir. 2005).  Unexhausted claims are reviewed de novo where there is no reasoned state court decision addressing that claim.  Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).  The Court therefore reviews this claim de novo.  See Tran v. Uribe, No. SACV 11-1865-JSL (JPR), 2012 WL 7832619, at *5, 11 (C.D. Cal. Dec. 14, 2012) (conducting de novo review under Cassett v. Stewart, 406 F.3d at 623-24, where claim was presented to the California Supreme Court, but not the court of appeal).

The Sixth Amendment to the United States Constitution affords numerous rights to the accused.  Specifically, it provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

Grant does not explain under which provision he raises his Sixth Amendment claim.  Rather, Petitioner provides a conclusory allegation that the trial court's errors in sentencing him constituted a violation of his Sixth Amendment right to a fair trial.  (See Pet. 17, ECF No. 1; see also Lodgment No. 17, Grant v. Busby, No. S184843 (petition for writ of habeas corpus at 9) (alleging that trial court violated Grant's right to a fair trial when it failed to adhere to state sentencing laws).)  Again, Petitioner attempts to transform his state-law claim into a federal claim by making conclusory allegations.  But, "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'"  Jones

18

1  v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg,

2  24 F.3d 20, 26 (9th Cir. 1994)).  Grant submits in his federal

3  petition that he has been denied his right to a fair trial, yet he

4  fails to develop a nexus between his right to a fair trial and the

5  facts of this case.  (See Pet. 17-26, ECF No. 1.)  For these

6  reasons, relief on this basis should be **DENIED**.  See White v.

7  Neven, No. 2:09-cv-00400-KJD-LRL, 2010 WL 2539717, at *5 (D. Nev.

8  June 3, 2010) (dismissing petitioner's Sixth Amendment right to a

9  fair trial claim as conclusory).

10 **D.   Equal Protection Claim**

11      Next, Petitioner alleges a violation of his right to equal

12 protection, which is also presumably based on sentencing errors.

13 (See Pet. 17, ECF No. 1.)  While Grant vaguely alluded to an equal

14 protection claim in a supplemental brief in his direct appeal to

15 the California Court of Appeal, he did not include that claim in

16 his petition for review to the California Supreme Court.  (See

17 Lodgment No. 7, Preliminary Statement at 11, People v. Grant, [No.

18 D053566]; Lodgment No. 10, Petition for Review at 6-7, People v.

19 Grant, [No. S178362]; Lodgment No. 11, Supplemental Brief at 14-17,

20 People v. Grant, [No. S178362].)

21      Petitioner raised an equal protection claim in his state

22 habeas corpus petition to the California Supreme Court, but the

23 basis of that claim differs from the equal protection claim he

24 brings in his federal petition.  (Compare Pet. 17, ECF No. 1

25 (alleging equal protection claim based in improper application of

26 state sentencing law), with Lodgment No. 17, Grant v. Busby, No.

27 S184843 (petition for writ of habeas corpus at 3) (alleging equal

28 protection claim based on breach of plea agreement).)  Accordingly,

19

1  the equal protection claim pursued in his federal petition is

2  unexhausted.  As noted above, when it is perfectly clear that a

3  petitioner does not raise a colorable federal claim, a federal

4  court may deny an unexhausted claim on the merits.  See Cassett,

5  406 F.3d at 624.

6       To bring a claim under the Equal Protection Clause, a

7  petitioner must do more than allege inequality of treatment;

8  "[t]here must be an allegation of invidiousness or illegitimacy in

9  the statutory scheme . . . ."  McQueary v. Blodgett, 924 F.2d 829,

10  835 (9th Cir. 1991) (citing Pers. Adm'r v. Feeney, 442 U.S. 256,

11  273 (1979)).  This may be demonstrated by showing "that the law is

12  applied in a discriminatory manner or imposes different burdens on

13  different classes of people."  Freeman v. City of Santa Ana, 68

14  F.3d 1180, 1183 (9th Cir. 1995) (citation omitted).  A petitioner

15  cannot establish an equal protection claim warranting habeas relief

16  by simply alleging the state court misapplied state law or departed

17  from past precedents.  See Little v. Crawford, 449 F.3d 1075, 1083

18  (9th Cir. 2006); see also Beck v. Washington, 369 U.S. 541, 554-55

19  (1962) (holding that the Equal Protection Clause did not ensure

20  uniformity in judicial decision making).

21       Petitioner's equal protection claim is conclusory and lacks

22  any specific fact or argument linking his sentencing to a violation

23  of his rights to equal protection.  (Pet. 17-26, ECF No. 1); see

24  Jones, 66 F.3d at 204.  Importantly, Grant does not allege that he

25  was the victim of any form of discrimination or that the sentencing

26  laws applied impose different burdens on different classes of

27  people.  See Freeman, 68 F.3d at 1187.  Therefore, this claim

28  should be **DENIED**.

1 **E.   Double Jeopardy Claim**

2     As noted, Petitioner also raises a double jeopardy claim in

3 his Traverse.  (See Traverse 7-12, ECF No. 27.)  Generally, a

4 traverse is not the proper pleading to raise an additional ground

5 for relief.  See Cacoperdo, 37 F.3d at 507 ("In order for the state

6 to be properly advised of additional claims, they should be

7 presented in an amended petition, or . . . in a statement of

8 additional grounds.").  Nonetheless, the Court has discretion to

9 consider a claim raised for the first time after the filing of a

10 habeas petition.  See Williamson v. Virqa, No. ED CV 12-1540-BRO

11 (PLA), 2013 U.S. Dist. LEXIS 133034, at *25 n.8 (C.D. Cal. July 16,

12 2013) (citing Brown v. Roe, 279 F.3d 742, 745-46 (9th Cir. 2002).

13 It will exercise that discretion and address the merits of

14 Petitioner's double jeopardy claim.

15     Grant presented a Fifth Amendment claim to the California

16 Court of Appeal on direct appeal.  (See Lodgment No. 7, Preliminary

17 Statement at 6-7, 11, People v. Grant, [No. D053566].)  Yet, in his

18 petition for review to the California Supreme Court, Grant raised a

19 claim under the "Double Jeopardy clause of the California

20 Constitution, Articles 1 & 5."  (Lodgment No. 11, Supplemental

21 Brief at 16-17, People v. Grant, [No. S178362].)  Because there is

22 no federal basis for his appeal to the state supreme court, this

23 Court cannot conclude that the Supreme Court of California had been

24 alerted to a federal double jeopardy claim.  See Duncan v. Henry,

25 513 U.S. 364, 365-66 (1995) ("If state courts are to be given the

26 opportunity to correct alleged violations of prisoners' federal

27 rights, they must surely be alerted to the fact that the prisoners

28 are asserting claims under the United States Constitution.");

1  Galvan v. Alaska Dep't of Corr., 397 F.3d 1198, 1205 (9th Cir.

2  2005) ("To exhaust a federal constitutional claim in state court, a

3  petitioner has to have, at the least, explicitly alerted the court

4  that she was making a federal constitutional claim."); Kouiyoth v.

5  Kramer, No. 2:04-cv-0662 MCE JFM (HC), 2009 WL 2868626, at *7, *9

6  n.5 (E.D. Cal. Sept. 2, 2009) (holding that it was not clear

7  whether petition exhausted federal double jeopardy where the claim

8  presented to the state court was based on the California

9  Constitution).

10       In his habeas corpus petition to the California Court of

11 Appeal, Grant stated in an argument heading that his "excessive

12 sentence" was in violation of the "Double Jeopardy Amendment."

13 (See Lodgment No. 15, Grant v. State Attorney General, No. D057378

14 (petition for writ of habeas corpus at 8-9).)  He did not, however,

15 raise a double jeopardy claim in his habeas corpus petition to the

16 California Supreme Court.  (Lodgment No. 17, Grant v. Busby, No.

17 S184843 (petition for writ of habeas corpus at 3-18).)

18 Accordingly, his Fifth Amendment claim is unexhausted.  See Wooten

19 v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008).  As discussed

20 earlier, this Court may deny this unexhausted claim if it is

21 perfectly clear that it is not a colorable federal claim.  See

22 Cassett, 406 F.3d at 624.

23       The Fifth Amendment's Double Jeopardy Clause protects against

24 multiple punishments for the same offense.  Monge v. California,

25 524 U.S. 721, 727-28 (1998) (citing North Carolina v. Pearce, 395

26 U.S. 711, 717 (1969)).  "A state may punish separate offenses

27 arising out of the same transaction without violating the double

28 jeopardy clause."  Walker v. Endell, 850 F.2d 470, 476 (9th Cir.

1   1987) (citing <u>Albernaz v. United States</u>, 450 U.S. 333 (1981)).  The

2   test that determines whether convictions violate double jeopardy is

3   "whether there are two offenses or only one," which is established

4   by evaluating "whether each provision requires proof of a fact

5   which the other does not." <u>Blockburger v. United States</u>, 284 U.S.

6   299, 304 (1932) (citations omitted); <u>see also</u> <u>Dowling v. United</u>

7   <u>States</u>, 493 U.S. 342, 355 (1990) (citing <u>Blockburger</u>, 284 U.S. at

8   304) ("Two offenses are considered the 'same offense' for double

9   jeopardy purposes unless each offense requires proof of a fact that

10  the other does not.").  "[The] analysis focuses on the statutory

11  elements of the offenses . . . ." <u>United States v. Overton</u>, 573

12  F.3d 679, 691 (9th Cir. 2009) (citations omitted); <u>see also</u> <u>Rhoden</u>

13  <u>v. Rowland</u>, 10 F.3d 1457, 1462 (9th Cir. 1993) (holding that there

14  was no violation of the Double Jeopardy clause where sentences were

15  imposed for distinct crimes).

16      The relevant part of Vehicle Code section 10851(a) provides:

17          Any person who drives or takes a vehicle not his or
        her own, without the consent of the owner thereof, and
18      with intent either to permanently or temporarily deprive
        the owner thereof of his or her title to or possession of
19      the vehicle, whether with or without intent to steal the
        vehicle, or any person who is a party or an accessory to
20      or an accomplice in the driving or unauthorized taking or
        stealing, is guilty of a public offense . . . .
21

22  Cal. Veh. Code § 10851(a) (West 2000) (relevant version of <u>id.</u>),

23  <u>amended by</u> Cal. Veh. Code § 10851 (West. Supp. 2013).  Here, Grant

24  contends that the violations of Vehicle Code section 10851(a) that

25  occurred on October 25, 2006 -- counts three and five -- does not

26  require proof of facts the other does not.  (Traverse 9-10, ECF No.

27  27.)  He maintains that both cars were sold in the same

28

"transaction." (<u>Id.</u> at 9.)  He makes the same argument for counts

seven and nine. (<u>Id.</u> at 9-10.)

Petitioner's focus on the sale of the vehicles is misplaced.

Counts three, five, seven, and nine were for the unlawful taking

and driving of vehicles, not for the sale of stolen vehicles.

(Lodgment No. 1, Clerk's Tr. 140-42.)  Grant pleaded guilty to

counts two, four, six, eight, and ten, and admitted that he "did

unlawfully buy, receive, conceal, sell, withhold and aid in

concealing, selling and withholding a motor vehicle." (<u>Id.</u> at 140-

42, 153.)  Sentencing as to those counts was stayed. (Lodgment No.

19, Rep.'s Appeal Tr. vol. 5 at 72.)  Accordingly, whether Grant

sold two cars in a single transaction is irrelevant to Petitioner's

current incarceration pursuant to counts three, five, seven, and

nine.

Moreover, the indictment shows that count three was for the

taking of Dustin Gess's vehicle, while count five was for the

taking of a different vehicle belonging to Elton Pendleton. (<u>See</u>

Lodgment No. 1, Clerk's Tr. 140-41.)  Thus, counts three and five

required proof of different facts, and constitute two separate

violations of section 10851(a). <u>See</u> <u>Blockburger</u>, 284 U.S. at 304.

The same is true for counts seven and nine, which were for the

taking of vehicles belonging to Eduardo Pineda and Angelito Lucas,

respectively. (Lodgment No. 1, Clerk's Tr. 141-42.)  For these

reasons, the trial court's determination that counts three, five,

seven, and nine constituted separate offenses was neither contrary

to, nor an unreasonable application of, clearly established federal

law as determined by the Supreme Court.  Accordingly, Grant's

Double Jeopardy claim should be **DENIED**.

24

**F.   Evidentiary Hearing**

Finally, Petitioner requests an evidentiary hearing as to his claims. (Pet. 1, ECF No. 1.) He does not present any facts that would warrant an evidentiary hearing. See Insyxiengmay v. Morgan, 403 F.3d at 670 (stating that the petitioner must demonstrate he failed to develop the factual basis of his claims in state court). Grant's request for an evidentiary hearing is therefore **DENIED**.

**V. CONCLUSION**

The Court submits this Report and Recommendation to United States District Judge Michael M. Anello under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the district court issue an Order (1) approving and adopting this Report and Recommendation and (2) directing that Judgment be entered denying the Petition.

**IT IS ORDERED** that no later than October 31, 2013, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than November 14, 2013. The parties are advised that failure to file objections within the specified time may waive the right to raise

1 those objections on appeal of the Court's order.  See Turner v.

2 Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951

3 F.2d 1153, 1156 (9th Cir. 1991).

4     **IT IS SO ORDERED.**

5

6 DATED:  October 4, 2013

7                             Ruben B. Brooks

                              United States Magistrate Judge

8

9 cc:  Judge Anello
         All parties of record

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28