**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HILLEAL A. GRANT,<br>Petitioner,<br><br>vs.<br><br>F.E. FIGUEROA, Warden,<br>Respondent. | CASE NO. 12cv939-MMA (RBB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 29]<br><br>**OVERRULING PETITIONER'S OBJECTIONS;**<br><br>[Doc. No. 33]<br><br>**DENYING PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>**DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY** |

On April 16, 2012, Petitioner Hilleal A. Grant, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to Title 28 of the United States Code, section 2254. Petitioner claims that his rights to due process, equal protection, and a fair trial were violated when the trial court imposed consecutive sentences on four counts of unlawful taking and driving of a vehicle in violation of California Vehicle Code section 10851. Petitioner claims that the trial court should have stayed the sentence on two of the four counts. *See Petition*, Doc. No. 1; *Objection*, Doc. No. 33. Respondent F.E. Figueroa, warden of Tallahatchie County

Correctional Facility, filed an Answer to the petition, contending the petition should be denied because it fails to raise a federal question, and thus does not set forth a cognizable claim for federal habeas corpus relief. *See Answer*, Doc. No. 17. Petitioner responded by filing a traverse, in which he adds the claim that his sentence violated the Double Jeopardy Clauses of both the California and United States Constitutions. *See* Doc. No. 27.

The matter was referred to United States Magistrate Judge Ruben B. Brooks for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). Judge Brooks has issued a thorough report recommending that the petition be denied. *See R&R*, Doc. No. 29. Petitioner objects to Judge Brooks' findings and recommendation. *See Objection*, Doc. No. 33. Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the Court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b) (1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). Having considered Petitioner's objections and conducted a *de novo* review of the pertinent portions of the record, the Court **DENIES** Petitioner's objections and concludes that Judge Brooks issued an accurate report and well-reasoned recommendation that the instant petition be denied.

Judge Brooks properly concluded that Petitioner's due process claim fails to implicate a federal question. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("The decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus."); *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief"). Further, Petitioner's conclusory allegations that the trial court's sentencing errors constitute a violation of

his right to a fair trial are insufficient to warrant habeas relief. *See Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) ("It is well-settled that conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.") (quotation omitted). Moreover, Petitioner's equal protection claim fails because, among other deficiencies, he does not allege that he was the victim of any form of discrimination or that the sentencing laws impose different burdens on different classes of people. *See Freeman v. City of Santa Ana*, 68 F.3d 1180, 1183 (9th Cir. 1995) ("The first step in equal protection analysis is to identify the [defendant's] classification of groups. To accomplish this, a plaintiff can show that the law is applied in a discriminatory manner or imposes different burdens on different classes of people.") (citations omitted). Finally, even if Petitioner's Double Jeopardy claim were properly before the Court, the claim would fail on the merits, as the trial court's determination that counts three, five, seven, and nine constituted separate offenses was neither contrary to, nor an unreasonable application of, clearly established federal law. *See Blockburger* 284 U.S. 299, 304 (1932).

**CERTIFICATE OF APPEALABILITY**

A district court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. Rule 11(a) of the RULES GOVERNING SECTION 2254 CASES. Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner has not made this showing. Accordingly, the Court declines to issue a certificate of appealability.

/ / /

/ / /

**CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation is **ADOPTED** in its entirety;
2. Petitioner's Petition for Writ of Habeas Corpus is **DENIED**;
3. The Court **DECLINES** to issue a certificate of appealability;
4. The Clerk of Court shall terminate this case and enter judgment in favor of Respondent.

**IT IS SO ORDERED**.

DATED: January 14, 2014

Hon. Michael M. Anello
United States District Judge